# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH CASTILLO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | Case No. ED CV 10-1938-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On December 20, 2010, plaintiff Deborah Castillo filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of supplemental security income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

A single disputed issue is presented for decision here: whether the Administrative Law Judge ("ALJ") properly assessed plaintiff's need for a wheelchair. Joint Stipulation ("JS") at 2-3, 3-4, 5.

Having carefully studied, inter alia, the parties' joint stipulation and the administrative record, the court concludes that, as detailed herein, there is substantial evidence in the record, taken as a whole, to support the decision of the ALJ. Specifically, the ALJ provided clear and convincing reasons for discounting plaintiff's alleged need to use a wheel chair. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.
## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 50 years old on the date of her August 5, 2009 administrative hearing, has a general education diploma. *See* Administrative Record ("AR") at 24, 107. Plaintiff has no past relevant work. *Id.* at 22-23, 147, 159.

On February 1, 2008, plaintiff filed an application for SSI, alleging that she has been disabled since January 1, 2000 due to problems with hepatitis C, high blood pressure, diabetes, esophageal varices, vision, depression, and memory. *See* AR at 9, 60, 107-13. Plaintiff's application was denied initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 58, 59, 60-64, 65-71, 72.

On August 5, 2009, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 22-43, 57. The ALJ also heard testimony from Troy L. Scott, a vocational expert ("VE"). *Id.* at 52-55, 103. On October 7, 2009, the ALJ denied plaintiff's request for benefits. *Id.* at 9-18.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. AR at 11.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of "diabetes; hepatitis C with cirrhosis; hypertension[;] and a history of bilateral carpal tunnel syndrome." AR at 11 (emphasis omitted).

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically

equal the severity of any listing set forth in the Social Security regulations.[1/] AR at 12.

The ALJ then assessed plaintiff's residual functional capacity[2/] ("RFC") and determined that she can perform medium work. AR at 12. Specifically, the ALJ found that plaintiff "can do a full range of medium work with fine and gross manipulation limited to frequent." *Id.* (emphasis omitted).

The ALJ found, at step four, that plaintiff has no past relevant work. AR at 17.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." AR at 17 (emphasis omitted). Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 9, 18.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 5. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

3

1  substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
2  But if the court determines that the ALJ's findings are based on legal error or are not
3  supported by substantial evidence in the record, the court may reject the findings and
4  set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035
5  (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).
6      "Substantial evidence is more than a mere scintilla, but less than a
7  preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant
8  evidence which a reasonable person might accept as adequate to support a
9  conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d
10 at 459. To determine whether substantial evidence supports the ALJ's finding, the
11 reviewing court must review the administrative record as a whole, "weighing both
12 the evidence that supports and the evidence that detracts from the ALJ's
13 conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed
14 simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
15 at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the
16 evidence can reasonably support either affirming or reversing the ALJ's decision,
17 the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
18 (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

21     Plaintiff argues that "the ALJ erred in finding that [she] did not need a
22 wheelchair to ambulate." JS at 3. Specifically, plaintiff contends that due to an
23 injury to her left knee after a fall on May 1, 2009, her "ability to ambulate was
24 significantly affected" and that she subsequently required a wheelchair to ambulate.
25 *See id.* at 3, 5; *see* AR at 385.
26     In evaluating medical opinions, Ninth Circuit case law and Social Security
27 regulations distinguish among the opinions of three types of physicians: (1) those
28 who treat the claimant (treating physicians); (2) those who examine but do not treat

the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830 (citation omitted); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) (citation omitted). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons."). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

Here, the ALJ properly assessed the medical record and found that plaintiff

did not permanently require a wheelchair for ambulation.  In the first place, there is no clear record that the treating physician, Nyda Pamintuan, M.D., formed the opinion that plaintiff required a wheel chair on a long-term basis.  The only evidence plaintiff can point to (apart from her own statements) is Dr. Pamintuan's prescription for a wheel chair, which was silent as to how long plaintiff would be using it.  As the ALJ noted, the reasonable inference from the record (as further discussed below) is that the wheel chair prescription was meant to be temporary.  *See* AR at 16.

But even if one were to resolve any arguable ambiguity in favor of plaintiff and find that Dr. Pamintuan's prescription constitutes an opinion that plaintiff requires long-term use of a wheel chair, the ALJ's rejection of any such opinion was based on clear and convincing reasons.  As the ALJ found, "[t]here is no objective evidence to support the use of a wheel chair."  AR at 16; *see Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion which was unsupported by medical findings, personal observations, or test reports); *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings).  On May 7, 2009, plaintiff was treated on a "non-urgent" basis at St. Bernardine Medical Center, after allegedly suffering a fall and injuring her left knee six days earlier.  AR at 15, 385, 387.  She was fitted with a splint on her left knee, prescribed a wheelchair to help with mobility, advised to follow up with a primary care doctor in one day, and discharged approximately three hours after being admitted.  *Id.* at 394, 400, 401, 406.  In fact, as the ALJ noted (*id.* at 15-16) and plaintiff admits (JS at 3), plaintiff would have been prescribed crutches instead of a wheelchair if not for her complaints of "difficulty using crutches."  *See* AR at 397.  Moreover, despite being diagnosed with anterior tibia plateau fracture (*id.* at 397, 406), an X-ray taken at St. Bernardine Medical Center of plaintiff's left tibia and fibula was unremarkable (*id.* at 13, 16, 393). During a follow-up visit on May 13, 2008, Thuyen H. Tran, M.D. reported that a

radiograph of plaintiff's left knee revealed "moderate suprapatellar effusion" but "[n]o focal osseous, articular or soft tissue abnormality." *Id.* at 415.

Although plaintiff arrived at the hearing in a wheel chair and testified to continuing to use it, the ALJ explicitly found plaintiff "is not credible and the record supports she has made every effort to appear more disabled than she actually is." AR at 13, 16. Indeed, plaintiff's own testimony is inconsistent with her contention that she permanently required a wheelchair to ambulate. *Id.* at 40 (plaintiff testified that, in the months prior to the administrative hearing, she used the wheelchair "off and on" and only "inside the house"), 43 (plaintiff testified that x-rays of her knees were essentially normal).

Accordingly, the court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's alleged need for a wheelchair to ambulate.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

DATED: October 31, 2011



_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE